IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHARON K. GAUGHT                                                                                    PLAINTIFF

        v.                              Civil No. 11-3041

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sharon Gaught, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

The plaintiff filed her application for SSI on March 24, 2008, alleging an onset date of October 27, 2003, due to various impairments. Tr. 10, 129-135, 160-161, 174, 192, 208-209, 210, 218-220, 233, 243, 244. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 82-85. An administrative hearing was held on December 5, 2005, and resulted in an unfavorable decision on January 22, 2010. Tr. 36-78. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 40 years old and possessed a high school education plus two years of college credit. Tr. 41-42. She had no past relevant work experience. Tr. 20, 43, 152-159, 175-176.

On May 19, 2010, the ALJ found plaintiff's degenerative disk disease ("DDD") of the cervical, thoracic, and lumbar spine; type II diabetes mellitus; bilateral carpal tunnel syndrome; osteoarthritis of the left hand; obesity; right rotator cuff tendonitis; residual effects of remote ankle surgery; inhalation injury; learning disorder; major depressive disorder; and, anxiety disorder were severe, but concluded

they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work that does not involve climbing, kneeling, crouching, crawling, or working overhead; requires only occasional balancing and stooping; involves frequent but not constant handling and fingering bilaterally; and does not involve concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. Tr. 14-19. With regard to her mental impairments, the ALJ concluded Plaintiff could perform work where the interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables involved and little judgment, and the supervision is simple, direct, and concrete. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a patcher. Tr. 20-21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 4, 2011. Tr. 14-15. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 8, 9.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v.*

*Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.     Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has

3

the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the case at bar, there is no medical evidence to allow the ALJ to evaluate how Plaintiff's impairments affected her ability to function. The ALJ had only the opinion of a non-treating, non-examining consultant who reviewed Plaintiff's medical records and concluded that her physical impairments were non-severe. Giving Plaintiff the benefit of the doubt, the ALJ refused to adopt this RFC and, instead, drew his own conclusions from the medical evidence. This does not, however, satisfy the ALJ's duty to fully and fairly develop the record. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

The ALJ concluded that Plaintiff suffered from bilateral carpal tunnel syndrome, which he found to be severe. However, he went on to conclude that her impairment was mild and allowed her to frequently, but not constantly handle and finger bilaterally. We note, however, that Dr. Bruce Robbins, Plaintiff's treating neurologist, has consistently diagnosed Plaintiff with carpal tunnel syndrome since

4

2001. In September 2001, nerve conduction studies showed changes most consistent with carpal tunnel syndrome and significant decreased conduction velocity in the forearm that could also be a reflection of pronator syndrome. Tr. 419. Dr. Robbins recommended that she undergo repair and then retest for pronator syndrome. Tr. 419. In December 2008, Dr. Robbins again diagnosed Plaintiff with carpal tunnel syndrome, noting that her pain was likely more significant now because she had significant ataxia and increased reflexes as were common symptoms suffered by diabetic patients. Tr. 402-03. He categorized her risk level as high, due to her multiple medical problems and their potential seriousness. Nerve conduction studies and an EMG of Plaintiff's upper extremities conducted in July 2009 revealed mild carpal tunnel syndrome with neurogenic changes in the right upper extremity muscles innervated from the C6 and C7. Tr. 395-396. Due to some diaphoresis, the EMG needle examination of the left upper extremity was deferred. Plaintiff was prescribed wrist splints and was noted to show some improvement in January 2010. We are not, however, convinced that this rendered Plaintiff's capable of handling and fingering frequently. The assessment of a doctor familiar with Plaintiff's medical history is necessary to determine the seriousness of her limitations.

Plaintiff also suffers from chronic right ankle pain as a result of ankle reconstruction surgery with hamstring graft, ankle arthrotomy, debridement of the ankle joint, and peroneal tendon retinacular reconstruction and stabilization by Dr. Mark Powell in 2002. Tr. 46-48, 404-408. In January 2003, Plaintiff was diagnosed with right ankle instability, status post right ankle reconstruction and had reached her maximum medical improvement by April 2003. Tr. 407, 408. Dr. Powell stated she would need a sit-down job only. Tr. 408. He also indicated that he would support her if she wished to pursue disability for her ankle. Tr. 408. However, no RFC assessment was prepared and Dr. Powell was never asked to opine on Plaintiff's limitations. Ultimately, Plaintiff rated her ankle pain as a 6 on a 10-point scale and indicated that it is aggravated by standing long or sitting without elevating her legs. Tr. 48. She opined that the condition of her right ankle had caused her to fall five times in recent years. Tr. 65.

AO72A
(Rev. 8/82)

Additional records indicate that Plaintiff also suffers from chronic back and neck pain, which she rated as an 8 on a 10-point scale. Tr. 51-52. In January 2009, she had a positive straight leg raise on the right with pain in her neck and back, and pain in her right AC joint. Tr. 399. An MRI of her cervical spine showed no significant central canal or neuroforaminal stenosis, but some mild degenerative changes at the C5-6, C3-4, and C7-T1 levels. Tr. 400. The following month, an MRI of her lumbosacral spine revealed some neuroforaminal stenosis[1] at L5-S1 with the right side more involved than the left. Tr. 397.

Plaintiff also suffered from right shoulder pain. On July 6, 2009, an MRI of her shoulder was borderline for tendonitis of the superior rotator cuff and some impingement at the acromion and acromioclavicular joint on the rotator cuff. Tr. 433. There was also a bit of edema in the superolateral head of the humerus suggesting some chronic rotator cuff stress. Tr. 433-434. The following day, Dr. McBride diagnosed Plaintiff with rotator cuff tendonitis and prescribed left shoulder physical therapy. Tr. 435.

We agree that the opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999). And, the ALJ was correct in failing to give this assessment controlling weight. In our opinion, however, the ALJ should have sought such an opinion from Plaintiff's treating physician or, in the alternative, asked a consultative examiner to assess Plaintiff's physical residual functional capacity. Simply put, "[a]"An administrative law judge may not draw upon his own inferences from medical reports. *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975): *See Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974); *Willem v. Richardson*, 490 F.2d 1247, 1248-49 n. 3 (8th Cir.1974)." He is simply not trained to do so. Therefore, on remand, the ALJ is directed to address interrogatories to Plaintiff's treating doctors, asking them to review her medical records; to complete a mental RFC

---

[1]Impingement of the spinal nerves, likely caused by disks or spurs.

6

assessment regarding plaintiff's mental capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Should her treating doctors be unwilling to complete said assessments, the ALJ should then order a consultative orthopedic examination complete with an RFC assessment.

### V.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of August 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE